*Li v. First Unum Life Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand twenty-six.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

GUANGYU LI,
> *Plaintiff-Appellant*,

JOHN DOE, A FICTITIOUS NAME,
> *Plaintiff*,

> v.

25-411-cv

FIRST UNUM LIFE INSURANCE COMPANY,
> *Defendant-Appellee*.

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JENNIFER HESS (Scott Madison Riemer, Ryan James McIntyre, *on the brief*), Riemer Hess LLC, New York, NY |
| FOR DEFENDANT-APPELLEE: | PATRICK W. BEGOS (Raymond J. Carta, Scott T. Garosshen, *on the brief*), Robinson & Cole LLP, Stamford, CT |

Appeal from a January 29, 2025 judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Guangyu Li, a former employee of McKinsey & Company, Inc. ("McKinsey"), submitted a claim for long-term disability benefits under McKinsey's Group Long Term Disability Insurance Policy (the "Policy"). The Policy provides disability benefits under an employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"). Li's claim was denied by Defendant-Appellee First Unum Life Insurance Company ("First Unum"), which is responsible for paying benefits under the Policy. After First Unum upheld its denial on administrative appeal, Li sued First Unum under ERISA, alleging that First Unum improperly denied his claim. Following a bench trial, the district court granted judgment to First Unum. We assume the parties' familiarity with the underlying facts and the procedural history.

The only issue on appeal is whether the district court erred by reviewing First Unum's benefits decision under the arbitrary-and-capricious standard rather than the *de novo* standard. The "general or default rule" for judicial review of an ERISA plan's adverse benefits decision "is *de novo* review." *Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 52 (2d Cir. 2016) (quotation marks omitted; alteration adopted). But arbitrary-and-capricious review applies instead if the plan invests "the administrator with broad discretionary authority to determine eligibility [for benefits]," *Mayer v. Ringler Assocs. Inc.*, 9 F.4th 78, 84 (2d Cir. 2021) (quotation marks and ellipsis omitted), and complies "with the Department of Labor's claims-procedure regulation" when "denying a claim," *Halo*, 819 F.3d at 45.

Here, the district court did not err by reviewing First Unum's benefits denial under the arbitrary-and-capricious standard. As the district court explained, McKinsey's ERISA plan is detailed in the Policy and the Summary Plan Description ("SPD"), which comprises the Additional Summary Plan Description Information and the Certificate of Coverage. *See Silverman v. Teamsters Loc. 210 Affiliated Health & Ins. Fund*, 761 F.3d 277, 286-87 (2d Cir. 2014) (recognizing that SPD may set forth plan terms); *see also Tetreault v. Reliance Standard Life Ins. Co.*, 769 F.3d 49, 55-56 (1st Cir. 2014) (same); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1131 (10th Cir. 2011) (same). Together, these documents are fairly construed to grant First Unum discretionary authority to determine eligibility for long-term disability benefits. Further, First Unum complied with the claims-procedure regulation. We thus **AFFIRM** for the reasons stated by the district court in its detailed opinion and order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3